UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Ron S. McCray, | ) | C/A No. 8:25-cv-11451-CMC-WSB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Joel Anderson, Elisabeth Holcomb, Dr. McRee, | ) | |
| Dr. Ringold, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on Plaintiff's Third Motion for Default Judgment. ECF No. 68. Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 alleging violations of his rights under the United States Constitution. Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Tyger River Correctional Institution. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and make recommendations to the district court.[1] For the reasons below, Plaintiff's Motion should be denied.

**BACKGROUND**

Plaintiff commenced this action by filing a Complaint alleging violations of his constitutional rights. ECF No. 1. Thereafter, Plaintiff filed an Amended Complaint. ECF No. 10. By Order dated September 24, 2025, the Court authorized service of process on the above-

---

[1] It has been recognized in this District that a "motion for default judgment operates as the functional equivalent of a dispositive motion" and a Magistrate Judge must therefore issue a report and recommendation on such motions. *Broadbent v. Mitchell*, C/A No. 0:09-cv-1616-CMC-PJG, 2009 WL 3698131, at *1 (D.S.C. Nov. 3, 2009).

1

captioned Defendants. ECF No. 17. Defendants Anderson, McRee, and Ringold were served with the Amended Complaint on October 20, 2025, making their Answer due November 10, 2025. ECF No. 21. On November 7, 2025, counsel entered a Notice of Appearance on behalf of those Defendants and filed a Motion for extension of time, which the Court granted, making their Answer due December 10, 2025. ECF Nos. 23; 24; 25; 28. On December 10, 2025, those Defendants again requested an extension of time, which the Court granted, making their Answer due January 9, 2025. ECF Nos. 39; 40. On January 9, 2025, those Defendants filed an Answer to the Amended Complaint. ECF No. 48. Dispositive motions as to those three Defendants are due by March 25, 2026. ECF No. 61. Service has not yet been accomplished as to Defendant Holcomb. ECF No. 58.

On February 25, 2026, Plaintiff filed a Third Motion for Default Judgment.[2] ECF No. 68. Defendants filed a Response in Opposition on March 11, 2026. ECF No. 77. The Motion is ripe for disposition.

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails "to plead or otherwise defend" in accordance with the Rules. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure establishes that "[a] defendant must serve an answer[ ] within 21 days after being served with the summons and complaint." Plaintiff has filed

---

[2] On December 22, 2025, Plaintiff filed a First Motion for Default Judgment. ECF No. 43. On January 29, 2026, Plaintiff filed a Second Motion for Default Judgment. ECF No. 54. The undersigned issued a Report and Recommendation on February 23, 2026, recommending that both of those Motions be denied. That Report and Recommendation has not yet been ruled on by the District Judge.

a Third Motion for Default Judgment.  The present Motion, like the first two Motions, should be denied.

Plaintiff's Motion is captioned as a "3rd Motion for Judgment by Default for Defendant Elizabeth Holcomb's Failure to Answer and Plaintiff's Opposition to Defendants Anderson, McRee, and Ringold's Response in Opposition to Plaintiff's Motion for Default Judgment."  ECF No. 68 at 1.  Plaintiff contends this Court issued an Order dated November 25, 2025, directing Holcomb to file and Answer or otherwise plead.  *Id*.  Plaintiff also asserts that the Court set a dispositive motions deadline in an Order at ECF No. 34.  *Id*.  Plaintiff argues: "Nowhere in Defendants' Answer, Motions, Replies, or Sur-Replies is there any addressing of an Answer timely or otherwise on behalf of Defendant Elizabeth Holcomb."  *Id*.  Plaintiff notes that Defendants explained in ECF No. 57 that counsel for Defendants believed Ringold and Holcomb are the same person, but Plaintiff argues Defendants "present[] no evidence to support this theory."  *Id*.

Defendants' Response argues Plaintiff has failed to show that any party is in default or failed to file a timely Answer, that the Defendants that have been served have filed a timely Answer, and that there is "no separate Defendant Holcomb that has been served at any point."  ECF No. 77.  The Court agrees.

As an initial matter, "procedurally default judgment is improper because as a condition precedent entry of default should be entered by the clerk on application by the plaintiff and this has not been done."  *Hudson v. State of N.C.*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (citing Rule 55, Fed. R. Civ. P.).  Thus, Plaintiff's Motion is "premature as the Clerk has not yet entered default against Defendants."  *Traber v. Mortg. Elec. Registration Sys., Inc.*, C/A No. 1:11-cv-126, 2012 WL 3039714, at *1 (W.D.N.C. July 25, 2012).

Further, as noted, the Court authorized service of the Amended Complaint by Order dated September 24, 2025.  ECF No. 17.  Service was executed on Defendants Anderson, McRee, and Ringold on October 20, 2025.  ECF No. 21.  Those Defendants twice sought extensions of time within which to file an Answer, and the Court granted both requests.  ECF Nos. 25; 28; 39; 40.  On January 9, 2025, those Defendants filed an Answer to the Amended Complaint.  ECF No. 48.  All of the Defendants who have been properly served have filed an Answer within the time provided under Rule 12 and the orders of the Court.  Because the served Defendants have answered the operative pleading in this matter, Plaintiff's Motion should be denied as to them.

Further, service has not yet been accomplished as to Defendant Holcomb.  On February 20, 2026, the United States Marshal filed a Summons returned unexecuted.  ECF No. 58.  Counsel for the other Defendants have explained they believe Defendants Ringold and Holcomb are the same person, with Holcomb being Defendant Ringold's former last name.  ECF No. 57 at 1–2.  Plaintiff contends that Defendants' assertion is "theoretical" and not based on any evidence.  ECF No. 68 at 1–2.  The Court will address the service issues as to Holcomb by separate order.[3]  However, Plaintiff's Third Motion for Default Judgment should be denied as to Holcomb as that Defendant has not yet been served and therefore cannot be held in default.  As such, no Defendant is presently in default and Plaintiff's request for entry of default is without merit.  The Motion should therefore be denied.

---

[3] It is Plaintiff's responsibility—and not the Court's nor Defendants' obligation—to properly identify the Defendants so that service can be properly accomplished.  *See Randolph v. S. Cent. Reg'l Jail*, C/A No. 2:18-cv-00902, 2021 WL 4530065, at *3 (S.D.W. Va. Sept. 10, 2021), *R&R adopted by* 2021 WL 4524180 (S.D.W. Va. Oct. 4, 2021).

## CONCLUSION AND RECOMMENDATION

For the reasons above, Plaintiff's Third Motion for Default Judgment (ECF No. 68) should

be **DENIED**.

**IT IS SO RECOMMENDED**.

s/William S. Brown<br>
United States Magistrate Judge

March 13, 2026
Greenville, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Suite 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).