IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Ron S. McCray, | Civil Action No. 8:25-cv-11451-CMC |
| Plaintiff, | |
| vs. | **ORDER** |
| Joel Anderson; Elisabeth Holcomb; Dr. McRee; Dr. Ringold, | |
| Defendants. | |

This matter is before the court on Plaintiff's Motions for Default Judgment.  Dkt. Nos. 43, 54, 68. Defendants filed responses to the three motions. Dkt. Nos. 49, 57, 77.  In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(d), D.S.C., the matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

On February 23, 2026, the Magistrate Judge entered a Report and Recommendation ("Report") recommending Plaintiff's first two motions for default judgment be denied. Dkt. No. 65.  The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so.  Plaintiff failed to file objections, and the time to do so has expired. Plaintiff did, however, file a third motion for default judgment. Dkt. No. 68.[1] On March 13, 2026, the Magistrate Judge entered a second Report addressing Plaintiff's third motion for default judgment. Dkt. No. 79. The Magistrate Judge advised Plaintiff

---

[1] He also filed a motion for extension of time to respond to the initial Report, requesting a due date of March 16, 2026. Dkt. No. 75. He did not, however, file objections on or before March 16, 2026. This motion is now moot.

of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections, and the time to do so has expired.[2]

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court is required to review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

After a review of the record, the applicable law, and the Report and Recommendation of the Magistrate Judge, the court finds no clear error, and agrees Plaintiff's motions for default should be denied. Accordingly, the court adopts the Report by reference in this Order. All Defendants who were properly served have filed an Answer in this matter (Dkt. No. 48). Service has not been accomplished as to Defendant Holcomb, and Defendants note Defendants Ringold and Holcomb are likely the same person, as Holcomb is Ringold's former last name. Regardless,

---

[2] The court notes Plaintiff has filed other motions during this time. See Dkt. No. 93.

2

as she has not been served, Defendant Holcomb cannot be held in default. Plaintiff's motions for default judgment (Dkt. Nos. 43, 54, 68) are denied.[3]

     **IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
April 7, 2026

---

[3] As noted above, Dkt. No. 75 is moot.

3